# EXHIBIT 27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
BRAVIA CAPITAL HONG KONG LIMITED,    :   Index No. 652320-2021
                                     :
                  Plaintiff,         :
                                     :   Justice Robert R. Reed
     -against-                       :
                                     :
HNA GROUP CO., LIMITED, HNA GROUP    :
NORTH AMERICA LLC,                   :
                                     :
                  Defendants.        :
-------------------------------------------------------------X

### OBJECTIONS AND RESPONSES OF PALISADES TRAINING CENTER NY LLC TO INFORMATION SUBPOENA WITH RESTRAINING NOTICE

Palisades Training Center NY LLC ("Palisades Training"), hereby responds to the Information Subpoena with Restraining Notice (the "Information Subpoena"), dated January 2, 2024 and served in connection with the above-referenced action as follows:

### GENERAL OBJECTIONS

Each of the following General Objections are incorporated by reference as an objection to the response to each paragraph of the requests made in the Information Subpoena (the "Requests") as if fully set forth therein, whether or not specific reference is made in response thereto. Additionally, a lack of reference to a General Objection in response to any specific Request should not be construed as a waiver of any such objection.

1.  Palisades Training objects to each of the Requests to the extent they seek information that is neither relevant to the satisfaction of the judgment, nor reasonably calculated to lead to the discovery of matter material or necessary to the satisfaction of the judgment.

2.  Palisades Training objects to each of the Requests to the extent they purport to seek information protected by the attorney-client privilege, the work-product doctrine, the common

1

interest privilege, the joint defense privilege, or any other applicable privilege, doctrine, or protection.

3. Palisades Training objects to each of the Requests to the extent they seek information that is not in Palisades Training's possession, custody or control, or seek information that is more readily available to Judgment Creditor and/or already in Judgment Creditor's possession, custody, or control or in the possession, custody, or control of entities controlled by Judgment Creditor.

4. Palisades Training objects to each of the Requests to the extent they are overly broad, unduly burdensome, vague, ambiguous, lacking specificity, incomprehensible or incapable of response, contain erroneous assumptions, and/or that have the design and effect of harassing Palisades Training.

5. Palisades Training objects to each of the Requests to the extent they seek a response that is duplicative of responses to one or more other Requests.

6. Palisades Training objects to each of the Requests to the extent they seek to impose on Palisades Training obligations greater than those imposed by New York's Civil Practice Laws and Rules or the applicable Court Rules.

7. Palisades Training objects to each of the Requests to the extent that they are not in compliance with the requirements set forth in Article 52 of New York's Civil Practice Laws and Rules or the applicable Court Rules.

8. Palisades Training objects to each of the Requests to the extent that they seek private, confidential, proprietary, commercially sensitive or personal information.

2

9. Palisades Training objects to any Request to the extent that it seeks information that it is not permitted to disclose pursuant to confidentiality agreements with third parties or obligations under Court order.

10. Nothing contained in any response or objection herein shall be deemed to be an admission, concession, or waiver by Palisades Training as to the relevance, materiality, or admissibility of any information provided. By responding to the Requests Palisades Training does not admit to the characterizations in the Information Subpoena of any documents, facts, theories, or conclusions, nor does Palisades Training admit that the information reflects any fact, characterization, or conclusion.

11. Palisades Training's responses and objections to the Requests are based on information presently known to Palisades Training. Palisades Training reserves its right to supplement or amend any or all portions of its objections and responses herein.

12. By Court order dated May 19, 2023 (the "Turnover Order") in the action entitled "*245 Park Member LLC v. HNA Group (International) Company Limited*, S.D.N.Y. Case No. 22-cv-5136 (JGK)" (the "Turnover Action") defendant HNA Group (International) Company Limited was ordered and directed to turn over its 100% interest in "HNA North America LLC" to the plaintiff in that action, "245 Park Member LLC." At that time, "HNA North America LLC" owned 100% of the membership interests in Judgment Debtor. Palisades Training's responses and objections to the Requests are based on information acquired subsequent to the date of the Turnover Order.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1. Palisades Training objects to Definition No. 1 to the extent that the term "Assets" includes assets "indirectly owned" by Judgment Debtor. Palisades Training will respond based on information within its own possession, custody or control.

2. Palisades Training objects to Definition No. 3 to the extent that the terms "You" and "Your" include persons or entities other than Palisades Training or over whom Palisades Training has no authority or control, including calling for production of information from its "divisions, subgroups, subsidiaries, parent entities, affiliates and any predecessors, successors-in-interest, trustees, receivers, rehabilitators, liquidators, assignees, members, directors, officers, employees, all partners, associates, employees, attorneys or representatives and all other persons acting or purporting to act on Your behalf." Palisades Training will respond based on information within its own possession, custody or control.

3. Palisades Training objects to Definition No. 5 to the extent that the terms "HNA NA" includes persons or entities other than HNA NA, or over whom Palisades Training has no authority or control, including calling for production of information from its "divisions, subgroups, subsidiaries, parent entities, affiliates and any predecessors, successors-in-interest, trustees, receivers, rehabilitators, liquidators, assignees, members, directors, officers and employees." Palisades Training will respond based on information within its own possession, custody or control.

4. In addition to the General Objections and Specific Objections set forth above, which are incorporated by reference into each response below, Palisades Training will also state other specific objections and responses to the Requests where appropriate. By setting forth such

4

specific objections and responses, Palisades Training does not limit, restrict, or waive any of the General Objections and Specific Objections set forth above.

## INFORMATION REQUESTS

**INFORMATION REQUEST NO. 1:**

IDENTIFY all Assets of the Judgment Debtor and the location (sic) those Assets, including but not limited to, bank accounts, brokerage accounts, or investment accounts.

**RESPONSE TO INFORMATION REQUEST NO. 1:** Palisades Training objects to the definition of the term "Assets" used in Request No. 1 (and set forth in the "Definitions" section of Judgment Creditor's Information Subpoena) on the grounds that it is vague, overbroad, ambiguous and lacking in specificity, as it seeks information concerning all "indirectly or directly owned Assets." Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

Judgment Debtor owns 100% of the limited liability company membership interests in "Palisades Training Center NY LLC" and in "PWM Property Management LLC."

**INFORMATION REQUEST NO. 2:**

IDENTIFY all persons who have information concerning Assets of the Judgment Debtor.

**RESPONSE TO INFORMATION REQUEST NO. 2:** Palisades Training objects to the definition of the term "Assets" used in Request No. 2 (and set forth in the "Definitions" section of the Information Subpoena) on the grounds that it is vague, overbroad, ambiguous and lacking in specificity, as it seeks information concerning all "indirectly or directly owned Assets." Palisades Training also objects to the term "IDENTIFY" used in Request No. 2 (as set forth in the "Instructions" section of the Information Subpoena) to the extent it purports to require that

5

personal and/or confidential information be provided for any "person." Palisades Training also objects to the term "person" used in Request No. 2 on the grounds that it is overly broad, vague and ambiguous. Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

Palisades Member I LLC, Scott Kocis and Harrison Sitomer have information concerning Judgment Debtor's Assets.

**INFORMATION REQUEST NO. 3:**

IDENTIFY all transfers of Assets of the Judgment Debtor since August 20, 2019.

**RESPONSE TO INFORMATION REQUEST NO. 3:** Palisades Training specifically objects to the definition of the term "Assets" used in Request No. 3 (and set forth in the "Definitions" section of the Information Subpoena) on the grounds that it is vague, overbroad, ambiguous and lacking in specificity, as it seeks information concerning all "indirectly or directly owned Assets." Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

1. Palisades Premier Conference Center, Orangetown, NY -- On October 31, 2023, Judgment Debtor's wholly-owned subsidiary, Palisades Training Center NY LLC, transferred all of its interest in the Palisades Conference Center, located in Rockland County, New York, to Palisades Fee Owner LLC.

2. 245 Park Avenue, New York, NY -- In connection with the bankruptcy proceeding of Judgment Debtor's wholly-owned subsidiary PWM Property Management LLC entitled *In re PWM Property Management LLC*, United States Bankruptcy Court, District of Delaware, Case No. 21-11445-MFW (the "PWM Property Management LLC

Bankruptcy"), the Judgment Debtor's indirect ownership interest in the property located at 245 Park Avenue, New York, NY was transferred to 245 Park Member LLC, and Judgment Debtor no longer has any right, title or interest in said property.

3. <u>181 W. Madison Avenue, Chicago, Illinois</u> – Upon information and belief, in connection with the PWM Property Management Bankruptcy, the Judgment Debtor's indirect ownership interest in the property located at 181 W. Madison Avenue, Chicago, Illinois was transferred and/or sold. The present owners of Judgment Debtor took no part in the PWM Property Management Bankruptcy with respect to the 181 W. Madison Avenue property and Judgment Debtor no longer has any right, title or interest in said property.

**INFORMATION REQUEST NO. 4:**

State whether Judgment Debtor has ever loaned any money or Assets to You. If so, for each such loan, state: (a) the terms of the loan; (b) the date of the loan; (c) the amount of the loan; (d) whether there was a written loan agreement, promissory note, or similar document; (e) the date and amount of each payment that You made on the loan; (f) the interest rate, if any; and (g) the balance still owed by You, if any.

**RESPONSE TO INFORMATION REQUEST NO. 4:** Palisades Training objects to the definition of the term "Assets" used in Request No. 4 (and set forth in the "Definitions" section of the Information Subpoena) on the grounds that it is vague, overbroad, ambiguous and lacking in specificity, as it seeks information concerning all "indirectly or directly owned Assets." Palisades Training also objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome and is improper under CPLR Article 52. Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

7

Since the date of the Turnover Order, Judgment Debtor has not loaned any money to any entity, subsidiary or affiliate. Palisades Training is aware that, prior to the date of the Turnover Order, in connection with plaintiff's collection efforts in the Turnover Action, an information subpoena was served on "Palisades Training Center NY LLC," in which "Palisades Training Center NY LLC" responded by stating that Judgment Debtor had loaned money to "Palisades Training Center NY LLC," and that as of September 28, 2022, the amount that "Palisades Training Center NY LLC" owed to Judgment Debtor was $1,563,660.12. Palisades Training has no information about such purported loan other than what was stated in the aforementioned response by "Palisades Training Center NY LLC" to such subpoena.

**INFORMATION REQUEST NO. 5:**

IDENTIFY all Assets Judgment Debtor claims or holds any interest in.

**RESPONSE TO INFORMATION REQUEST NO. 5:** Palisades Training objects to the definition of the term "Assets" used in Request No. 5 (and set forth in the "Definitions" section of the Information Subpoena) on the grounds that it is vague, overbroad, ambiguous and lacking in specificity, as it seeks information concerning all "indirectly or directly owned Assets." Palisades Training also objects to Request No. 5 on the grounds that it is duplicative to prior requests. Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training refers Judgment Creditor to its response to Request No. 1 above.

**INFORMATION REQUEST NO. 6:**

IDENTIFY all bank accounts, brokerage accounts, or investment accounts held in YOUR name that Judgment Debtor has access to. If so, for each bank account, identify the bank or brokerage, location of the account, all persons and entities, other than You, that have access to such bank accounts, and the amount held in that bank account.

**RESPONSE TO INFORMATION REQUEST NO. 6:** Palisades Training objects to the term "YOUR" used in Request No. 6 (as set forth in the "Definitions" section of the Information Subpoena) to the extent it purports to seek information about any entity other than Palisades Training. Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

Judgment Debtor does not have access to any bank account, brokerage account or investment account in the name of Palisades Training.

**INFORMATION REQUEST NO. 7:**

State whether You made distributions or paid any dividends to Judgment Debtor. If so, identify the date of any such distributions or dividends, the amount of the distributions or dividends, and the reason for the distributions or dividends. If You have not made any such distributions or dividends, identify the reason(s) for choosing not to do so.

**RESPONSE TO INFORMATION REQUEST NO. 7:** Palisades Training objects to the term "You" used in Request No. 7 (as set forth in the "Definitions" section of the Information Subpoena) to the extent it purports to seek information about any entity other than Palisades Training. Palisades Training also objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome and is improper under CPLR Article 52. Subject to and without waiving these specific

9

objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

    Palisades Training is not aware of any distributions or dividends paid to Judgment Debtor.

**INFORMATION REQUEST NO. 8:**

Do your records indicate the location of any other assets of the Debtor? If so, please give the location and description of any other assets.

**RESPONSE TO INFORMATION REQUEST NO. 8:** Palisades Training objects to the definition of the term "Assets" used in Request No. 8 (and set forth in the "Definitions" section of Judgment Creditor's Information Subpoena) on the grounds that it is vague, overbroad, ambiguous and lacking in specificity, as it seeks information concerning all "indirectly or directly owned Assets." Subject to and without waiving these specific objections, and the General and Specific Objections set forth above, Palisades Training responds as follows:

    None, other than as set forth in response to Question No. 1 above.

**INFORMATION REQUEST NO. 9:**

On November 4, 2022, in Your Amended Responses and Objections to 245 Part Member LLC's Information Subpoena, *245 Park Member LLC v. HNA Group (Int'l) Co., Ltd.*, No. 22-CV-5136 (JGK), ECF No. 102-7, that You stated that Judgment Debtor has loaned money to You. You stated that as of September 28, 2022, the amount that You owed to Judgment Debtor was $1,563,660.12. How much money, if any, do You still owe Judgment Debtor for those loans?

**RESPONSE TO INFORMATION REQUEST NO. 9**: Palisades Training has no information about the purported loan referenced in Request No. 9 other than what was stated in the aforementioned response by "Palisades Training Center NY LLC" to the information subpoena referenced therein.

Dated: January 26, 2024
      New York, New York

As to Objections:
MEISTER SEELIG & FEIN PLLC

By: _____
    Stephen B. Meister
    Thomas L. Friedman
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500

11

## CERTIFICATION

I ~~Scott Keers~~ Harrison S. Homer, an authorized representative of Palisades Training Center NY LLC, believe, based on reasonable inquiry, that the foregoing answers to the Information Subpoena are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: January 26, 2024