```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-------------------------------------------------

BRAVIA CAPITAL HONG KONG LIMITED,

                Plaintiff,

    - against -

SL GREEN REALTY CORPORATION, ET AL.,

                Defendants.

-------------------------------------------------

24-cv-2296 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The defendants move for reconsideration of this Court's Memorandum Opinion and Order dated February 18, 2025. That Memorandum Opinion and Order granted in part and denied in part the defendants' motion to dismiss the plaintiff's First Amended Complaint ("FAC"). See Bravia Cap. H.K. Ltd. v. SL Green Realty Corp., No. 24-cv-2296, 2025 WL 552046, at *15 (S.D.N.Y. Feb. 18, 2025) ("Bravia I").[1] For the following reasons, the defendants' motion for reconsideration is **denied**.

                              I.

    The Court assumes familiarity with Bravia I and sets forth below only so much of the history of this case as is necessary to understand the current opinion.

    The plaintiff, Bravia Capital Hong Kong Limited ("Bravia"), obtained a New York State Supreme Court judgment totaling

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

1

$12,986,660.70 against Palisades Member 2 LLC ("PM2"). But while Bravia's action against PM2 was pending in state court, PM2's direct subsidiary, Palisades Training Center NY LLC ("PTC"), transferred PTC's principal asset—the Palisades Premier Conference Center (the "PPC Center")—to Palisades Fee Owner LLC ("PFO"), a newly created subsidiary of SL Green Realty Corporation ("SL Green"). The transfer was for zero dollars.

Alleging that this constituted a fraudulent transfer, on March 27, 2024, Bravia brought this action seeking to recover the judgment debt owed by PM2. ECF No. 1. On June 28, 2024, Bravia filed the FAC, seeking relief against SL Green and the following five entities that are alleged to be alter egos of SL Green: PFO, 245 Park Member LLC ("245 Park"), Palisades Member 1 LLC ("PM1"), PM2, and PTC (collectively, the "SL Green Subs"). ECF No. 40. Bravia also brought claims against Andrew S. Levine and Harrison Sitomer, who are officers of SL Green as well as each of the SL Green Subs (together, the "Individual Defendants"). Id. The FAC alleged that the Individual Defendants breached fiduciary duties owed to PM2 when Levine effectuated, and Sitomer allowed, the transfer of the PPC Center for zero dollars. Id.

The defendants then moved to dismiss the FAC. ECF No. 41. On February 18, 2025, this Court granted in part and denied in part the defendants' motion to dismiss. Bravia I, 2025 WL

552046, at *15. In relevant part, Bravia I held that Count 1 of the FAC alleged a plausible claim for fraudulent transfer under the New York Debtor and Creditor Law ("DCL") against SL Green and PFO, and a plausible claim for conspiracy to violate the DCL against PM2, PTC, and Andrew S. Levine. Id. at *7-15. Bravia I, however, dismissed Count 1 without prejudice against PM1, 245 Park, and Sitomer. Id. at *15.

Pursuant to Local Civil Rule 6.3, the defendants now move for reconsideration of Bravia I, contending that the Court erred by declining to dismiss entirely Count 1 of the FAC. ECF No. 64.

## II.

"The standard for granting" a motion for reconsideration "is strict, and reconsideration will generally be denied." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). To merit reconsideration, "[t]he moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion." Ackerman v. Ackerman, 920 F. Supp. 2d 473, 474 (S.D.N.Y. 2013). "This rule is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Id.

III.

The defendants have "failed to demonstrate that the Court overlooked any controlling decisions or any factual matters that were put before the Court in the underlying motion." See id.

The defendants first argue that the Court overlooked the "Turnover Order" that this Court issued on May 19, 2023. Mem. of Law in Support ("Br.") 2-9, ECF No. 65; Reply Mem. of Law ("Rep.") 1-4, ECF No. 72. The Turnover Order turned over HNA Group International Co., Ltd.'s ("HNA Int'l's") 100% membership interest in PM1 directly to 245 Park. 245 Park Member LLC v. HNA Grp. (Int'l) Co., 674 F. Supp. 3d 28, 42 (S.D.N.Y. 2023). Aside from granting the direct turnover, however, the Turnover Order did not address 245 Park's ability to sell or transfer the PPC Center, particularly for no consideration. See generally id. Accordingly, the defendants' argument that the Turnover Order granted the defendants an unqualified right to the PPC Center is without merit.

The defendants' second argument is that the Turnover Order rendered implausible Bravia's alter ego allegations. Br. 6-9. But Bravia I addressed this argument. 2025 WL 552046, at *10. This is therefore a "repetitive argument[]" on an issue that has "been considered fully by the Court" on which reconsideration is unwarranted. See Ackerman, 920 F. Supp. 2d at 474. Instead, as noted in Bravia I, "[p]ast the pleadings stage, the defendants

4

will have the opportunity to show that the transfer was not fraudulent . . . ." 2025 WL 552046, at *13 n.17.

The defendants' other arguments were not "put before the Court in the underlying motion" and therefore do not provide an appropriate basis for reconsideration of Bravia I. See Ackerman, 920 F. Supp. 2d at 474. Accordingly, the defendants' motion for reconsideration must be **denied**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, the defendants' motion for reconsideration is **denied**.

The Clerk is directed to close ECF No. 64.

**SO ORDERED.**

Dated:   New York, New York
         March 28, 2025

_____
John G. Koeltl
United States District Judge