**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**BRAVIA CAPITAL HONG KONG LIMITED,**

                **Plaintiff,**

      **- against -**

**SL GREEN REALTY CORPORATION, ET AL.,**

              **Defendants.**
_____

**24-cv-2296 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Bravia Capital Hong Kong Limited ("Bravia"), obtained a New York State Supreme Court judgment totaling $12,986,660.70 against Palisades Member 2 LLC ("PM2"). The plaintiff then brought this action seeking, in relevant part, to recover the judgment debt owed by PM2. In response, the defendants moved to dismiss. The Court granted that motion in part and denied it in part. Bravia Cap. H.K. Ltd. v. SL Green Realty Corp., No. 24-cv-2296, 2025 WL 552046, at *15 (S.D.N.Y. Feb. 18, 2025) ("Bravia I"), reconsideration denied, 2025 WL 950622 (S.D.N.Y. Mar. 28, 2025). Bravia then filed its Second Amended Complaint ("SAC"), ECF No. 68, and the defendants filed an Answer ("Ans."), ECF No. 73.

Arguing that the defendants admitted all facts material to Count II of the SAC, Bravia moves for judgment on the pleadings as to that count pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 75. The defendants cross-move for

judgment on the pleadings dismissing this action, contending that this Court lacks subject matter jurisdiction, or in the alternative, that the Court must abstain from exercising jurisdiction. ECF No. 80. For the following reasons, the plaintiff's motion for judgment on the pleadings on Count II is **granted** and the defendant's cross-motion for judgment on the pleadings dismissing this action is **denied.**

I.

The Court assumes familiarity with, and sets forth below only so much of, the factual background and procedural history of this case as is necessary to understand the current opinion.

On December 15, 2023, Bravia allegedly obtained a final judgment in New York State Supreme Court totaling $12,986,660.70 against HNA Group North America LLC. See SAC ¶¶ 71–72. PM2 was formerly named HNA Group North America LLC. Id. ¶ 5. On January 10, 2024, because PM2 had changed its name prior to the entry of the earlier judgment, Bravia allegedly obtained a revised judgment in the same amount against PM2 (the "NYS Judgment"). Id. ¶¶ 71–72, 165. To date, PM2 allegedly has not satisfied any part of the NYS Judgment. Id. ¶¶ 73–74, 166. In Count II of the SAC, Bravia asserts a cause of action based on the NYS Judgment against PM2. Id. ¶¶ 164–67.

The defendants admit that, on December 15, 2023, the New York State Supreme Court entered final judgment in the amount of

2

$12,986,660.70 against HNA Group North America LLC. See Ans.
¶ 71. The defendants also admit that PM2 was formerly named HNA
Group North America LLC. Id. ¶ 5. The defendants otherwise deny
having knowledge or information of the allegations material to
Count II of the SAC. Id. ¶¶ 71-75, 164-67.

**II.**

**A.**

Federal Rule of Civil Procedure 12(c) provides that
"[a]fter the pleadings are closed—but early enough not to delay
trial—a party may move for judgment on the pleadings." Fed. R.
Civ. P. 12(c). Pleadings include "the complaint, the answer, any
written documents attached to them, and any matter of which the
court can take judicial notice for the factual background of the
case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d
Cir. 2011).[1] "A complaint is also deemed to include any written
instrument attached to it as an exhibit, materials incorporated
in it by reference, and documents that, although not
incorporated by reference, are integral to the complaint." Id.

Judgment on the pleadings "is appropriate where material
facts are undisputed and where a judgment on the merits is
possible merely by considering the contents of the pleadings."

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits
all internal alterations, citations, footnotes, and quotation
marks in quoted text.

<u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639, 642 (2d Cir. 1988). "When a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario." <u>Lively v. WAFRA Inv. Advisory Grp., Inc.</u>, 6 F.4th 293, 305 (2d Cir. 2021).

**B.**

"Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion." <u>Cruz v. AAA Carting & Rubbish Removal, Inc.</u>, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015). Thus, as the party seeking to invoke this Court's subject matter jurisdiction, the plaintiff bears the burden of proving such jurisdiction by a preponderance of the evidence. <u>See</u> <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept as true the material factual allegations in the complaint. <u>See</u> <u>J.S. ex rel. N.S. v. Attica Cent. Schs.</u>, 386 F.3d 107, 110 (2d Cir. 2004). However, the Court does not draw all reasonable inferences in the plaintiff's favor. <u>Id.</u> Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings to determine whether jurisdiction exists. <u>See</u> <u>Kamen v. Am. Tel. & Tel. Co.</u>, 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the

4

Court is guided by the decisional law that has developed under Rule 56. See id.

### III.

Arguing that the material facts are admitted, Bravia moves for judgment on the pleadings as to Count II of the SAC. Mem. of Law in Support ("Br.") at 3-7, ECF No. 77; Reply ("Rep.") at 3-6, ECF No. 85. The defendants cross-move for judgment of dismissal on the pleadings, arguing that this Court lacks subject matter jurisdiction under the ancillary-proceeding doctrine, or in the alternative, that this Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). Mem. of Law in Opp. ("Opp.") at 7-11, ECF No. 80. Each argument is addressed in turn.

### A.

Bravia contends that the facts material to Count II of the SAC are admitted. The defendants do not directly rebut this argument. In their Answer, however, the defendants deny having knowledge or sufficient information about the alleged facts material to Count II of the SAC. In this posture, generally, "courts must accept all factual allegations in the [A]nswer and draw all reasonable inferences in favor of the defendants." Lively, 6 F.4th at 305. However, "a party may not deny sufficient information or knowledge with impunity." Djourabchi v. Self, 571 F. Supp. 2d 41, 50 (D.D.C. 2008).

In their Answer, the defendants admit that, on December 15, 2023, the New York State Supreme Court entered final judgment in the amount of $12,986,660.70 against HNA Group North America LLC. See Ans ¶ 71. The defendants also admit that PM2 was formerly named HNA Group North America LLC. Id. ¶ 5. The defendants, however, otherwise deny having knowledge or sufficient information about the allegations material to Count II. Ans. ¶¶ 71-75, 164-67.

Pursuant to Federal Rule of Civil Procedure 8(b)(5), "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state." Fed. R. Civ. P. 8(b)(5). Such a "statement has the effect of a denial." Id.; Forts v. Ward, 566 F.2d 849, 853 (2d Cir. 1977). However, "a party may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading." Djourabchi, 571 F. Supp. 2d at 50. "Moreover, a party may be held to the duty to exert reasonable effort to obtain knowledge of a fact." Id. Thus, "[a]n averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information." Id.

In this case, the allegations material to Count II should "be deemed admitted." See id. Having admitted that PM2 was formerly named HNA Group North America LLC, and that the state court entered judgment against PM2 under its former name, it is

simply not credible that PM2 lacks knowledge of or information sufficient to form a belief as to the truth of Bravia's allegations that the NYS Judgment was entered against PM2, and that the NYS Judgment remains unsatisfied. See Djourabchi, 571 F. Supp. 2d at 50; see also 5 Wright & Miller's Federal Practice & Procedure § 1262 (4th ed. May 20, 2025 Update) (Where "the party intends to make the pleading evasive," the Court may "treat the allegation as ineffective as a denial."). In other words, "the matter is obviously one as to which [PM2] has knowledge or information." See Djourabchi, 571 F. Supp. 2d at 50. Therefore, paragraphs 71 through 74, 165, and 166 of the SAC are deemed admitted.

Based on the material facts deemed admitted, judgment on the pleadings as to Count II of the SAC should be entered in favor of Bravia. "The proper avenue to enforce a state court judgment in federal court is to bring a claim under state law of which the federal court has an independent source of jurisdiction, such as diversity of citizenship jurisdiction." Pereira v. N.Y.C. Dep't of Just., No. 24-cv-5320, 2024 WL 4953959, at *3 (S.D.N.Y. Dec. 2, 2024) (collecting cases). "In this case, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000." Bravia I, 2025 WL 552046, at *6. Thus, in Count II of the SAC, Bravia has sued on the NYS

Judgment "as a cause of action in a federal court having jurisdiction." See Cont'l Cas. Co. v. Argentine Republic, 893 F. Supp. 2d 747, 753 (E.D. Va. 2012). And the defendants do not challenge the validity of the NYS Judgment. See Ingevity Corp. v. Regent Tek Indus., Inc., No. 22-cv-565, 2022 WL 18859010, at *6 (E.D.N.Y. Nov. 23, 2022), report and recommendation adopted, 2023 WL 2553896 (E.D.N.Y. Mar. 17, 2023). Accordingly, Bravia's motion for judgment on the pleadings as to Count II of the SAC is **granted.**

### B.

The defendants' two arguments in support of their cross-motion are without merit. The defendants argue initially that this Court lacks subject matter jurisdiction under the ancillary-proceeding doctrine. That doctrine, "however, is a 'prudential doctrine' based on the text of the removal statute, 28 U.S.C. § 1441, that 'seeks to avoid the waste of having federal courts entertain satellite elements of pending state suits and judgments.'" Bravia I, 2025 WL 552046, at *6 n.4 (quoting Travelers Prop. Cas. v. Good, 689 F.3d 714, 724 (7th Cir. 2012)). "Because this is not a removed action, the defendants' argument fails." Id.[2]

---

[2] The defendants argue that Bravia is engaged in forum-shopping. But providing a means to enforce state court judgments means no disrespect to the state court system. Indeed, federal courts must "accord state court judgments full faith and credit." Mobil

The defendants argue, in the alternative, that this Court should abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971).[3] Principles of federalism and comity require federal courts to "abstain where a party seeks to enjoin an ongoing, parallel state criminal proceeding." Disability Rts. N.Y. v. New York, 916 F.3d 129, 133 (2d Cir. 2019) (citing Younger, 401 U.S. at 43-44). This so-called Younger abstention doctrine "has been extended beyond ongoing criminal cases to include particular state civil proceedings." Id. "Younger mandates abstention," however, "only when the plaintiff seeks to enjoin ongoing state proceedings." Id. at 134 (emphasis added). In this case, Younger does not apply because there is no ongoing, parallel state proceeding. See id.

_____

Cerro Negro, Ltd. v. Bolivarian Republic of Venez., 863 F.3d 96, 122 (2d Cir. 2017).
[3]    The defendants previously moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) but did not raise this argument. ECF No. 41. Rule 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).
    As relevant here, Rule 12(h)(3) permits parties to move to dismiss for lack of subject matter jurisdiction "at any time." See Fed. R. Civ. P. 12(h)(3). The abstention doctrines, however, apply only when a federal court otherwise has a case or "controversy properly before it." See In re Joint E. & S. Dist. Asbestos Litig., 78 F.3d 764, 775 (2d Cir. 1996).
    Thus, pursuant to Rule 12(g)(2), the defendants' argument based on the Younger abstention doctrine is procedurally forfeited for purposes of their current Rule 12(c) cross-motion. For the sake of completeness, however, the argument is addressed on the merits.

Moreover, this is not a "civil proceeding[] involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." See id. at 133 (quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013)). Suing on a state court judgment as a cause of action in a federal court having an independent source of subject matter jurisdiction is a seldom-used but well-recognized procedure. See, e.g., Ingevity Corp., 2022 WL 18859010, at *12; Cont'l Cas. Co., 893 F. Supp. 2d at 753; 18B Wright & Miller's Federal Practice & Procedure § 4469 (3d ed. May 21, 2025 Update). Furthermore, enforcing a state court judgment furthers, rather than undermines, the principles of comity and federalism and is not an attempt to enjoin an ongoing state proceeding.

Accordingly, the defendants' cross-motion for judgment of dismissal on the pleadings is **denied.**

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for judgment on the pleadings as to Count II of the SAC is **granted.** The defendants' cross-motion for judgment on the pleadings is **denied.**

The plaintiff is directed to submit a letter, by **July 18, 2025,** regarding whether there is any just reason for delay in

10

directing entry of a final judgment as to Count II of the SAC.

See Fed. R. Civ. P. 54(b). The defendants should respond by **July 25, 2025.** The plaintiff may reply by **August 1, 2025.**

The Clerk is directed to close ECF Nos. 75 and 80.

**SO ORDERED.**

Dated:    New York, New York
          July 3, 2025

                                    _____
                                    John G. Koeltl
                                    **United States District Judge**

11