UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

BRAVIA CAPITAL HONG KONG LIMITED,

                        Plaintiff,

          - against -

SL GREEN REALTY CORPORATION,
ET AL.,

                    Defendants.
————————————————————————————

24-cv-2296 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The defendants, SL Green Realty Corporation, 245 Park Member LLC, Palisades Member 1 LLC, Palisades Member 2 LLC, Palisades Training Center NY LLC, Palisades Fee Owner LLC, and Andrew S. Levine, move for an order dismissing the Second Amended Complaint ("SAC") for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and vacating the previously entered judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). The thrust of the defendants' motion is that the plaintiff, Bravia Capital Hong Kong Limited ("Bravia") misrepresented its citizenship at the time this case was filed and that, contrary to Bravia's representations, diversity jurisdiction did not exist at the time of filing.

For the reasons that follow, the defendants' motion is **denied without prejudice** to renewal following expedited discovery and an evidentiary hearing on the issue of Bravia's citizenship at the time of filing.

## I.

## A.

The Court assumes familiarity with, and sets forth below only so much of, the factual background and procedural history of this case as is necessary to understand the current opinion.

On December 15, 2023, Bravia obtained a final judgment in New York State Supreme Court totaling $12,986,660.70 against HNA Group North America LLC. See SAC ¶¶ 71-72, ECF No. 68; Answer ("Ans.") ¶ 71, ECF No. 73. Defendant Palisades Member 2 ("PM2") was formerly named HNA Group North America LLC. SAC ¶ 5; Ans. ¶ 5. On January 10, 2024, because PM2 had changed its name prior to the entry of the earlier judgment, Bravia allegedly obtained a revised judgment in the same amount against PM2 (the "NYS Judgment"). While the state-court action was pending, PM2's direct subsidiary, Defendant Palisades Training Center NY LLC ("PTC") transferred PTC's principal asset, the Palisades Premier Conference Center (the "PPC Center"), to Defendant Palisades Fee Owner LLC ("PFC"), a newly created subsidiary of Defendant SL Green Realty Corporation ("SL Green"). SAC ¶¶ 66-67.

Bravia filed this action on March 27, 2024. ECF No. 1. On June 28, 2024, Bravia filed the First Amended Complaint ("FAC"). Following the Court's ruling granting in part and denying in part the defendants' motion to dismiss, Bravia Cap. H.K. Ltd. v. SL Green Realty Corp., No. 24-cv-2296, 2025 WL 552046, at *15

(S.D.N.Y. Feb. 18, 2025), reconsideration denied, 2025 WL 950622 (S.D.N.Y. Mar. 28, 2025), Bravia filed the SAC, ECF No. 68. In Count One of the SAC, Bravia alleges that the transfer of the PPC Center, which was for zero dollars, was fraudulent. SAC ¶¶ 130-163. In Count Two, Bravia asserts a cause of action based on the NYS Judgment against PM2. SAC ¶¶ 164-67. In Count Three, Bravia asserts a cause of action based on the NYS Judgment against the remaining defendants as alter egos. See id. ¶¶ 168-194. The Court granted Bravia's motion for judgment on the pleadings as to Count Two on July 3, 2025, Bravia Cap. H.K. Ltd. v. SL Green Realty Corp., No. 24-cv-2296, 2025 WL 1865918 (S.D.N.Y. July 3, 2025), and entered final judgment as to Count Two on August 8, 2025, ECF No. 93. The parties are currently engaged in discovery on the remaining counts.

On January 5, 2026, the defendants filed a letter requesting leave to file a motion to dismiss and vacate judgment for lack of subject-matter jurisdiction, alleging that they "uncovered compelling evidence demonstrating that diversity jurisdiction never existed in this action because [Bravia's] principal place of business was not Hong Kong, as [Bravia] repeatedly

3

alleged, but New York — the same State of which all [the defend-ants] are citizens." [1] ECF No. 134. This motion followed.

## II.

"The plaintiff bears the burden of proving [the Court's] subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In considering such a motion, the Court gener-ally must accept material factual allegations in the complaint as true. See J.S. ex rel N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. Id.

"[W]here jurisdictional facts are disputed, the [C]ourt has the power and the obligation to consider matters outside the pleadings, such as affidavits [and] documents, . . . to deter-mine whether [subject-matter] jurisdiction exists." Parks v. Off. of Temp. & Disability Assistance, 675 F. Supp. 2d 440, 441 (S.D.N.Y. 2009). To that end, a district court "has the author-ity to order jurisdictional discovery to allow [] the oppor-tunity to demonstrate [subject-matter] jurisdiction." Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

### III.

Bravia invoked the Court's jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship between litigants and an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332.

Throughout this litigation, Bravia has repeatedly represented that diversity of citizenship exists. In the original Complaint, Bravia alleged that it was a Hong Kong Corporation with its principal place of business in Hong Kong and that the defendants were all citizens of New York. See Complaint ("Compl.") ¶¶ 1-13, ECF No. 1. Bravia repeated these allegations in the First and Second Amended Complaints. See FAC ¶¶ 1-13, ECF No.40; SAC ¶¶ 1-9.

In addition, on the Civil Cover Sheet Bravia filed in connection with the commencement of this action, Bravia listed its address as 99 Queen's Road, Central, Hong Kong. See ECF No. 2. When the Court sua sponte directed the parties to explain why subject-matter jurisdiction exists in this case, ECF No. 50, Bravia responded that "[a]t the time of filing, [Bravia] was a Hong Kong 'Limited' corporation incorporated in Hong Kong with its principal place of business in Hong Kong," ECF No. 52. And, when it submitted its proposed judgment on Count Two on August

5

6, 2025, Bravia represented its address as Suite 6510, 99 Queen's Road, Central, Hong Kong. ECF No. 91.

Based on evidence submitted by the defendants in support of their motion, it appears that Bravia moved out of 99 Queen's Road in 2018 — long before Bravia filed this action — and that Bravia currently has no active office in Hong Kong. See Ex. A to Declaration of Stephen B. Meister, ECF No. 149-1; ECF No. 151, at 5-7. The defendants contend that, rather than Hong Kong, Bravia's principal place of business has long been New York, where Bravia's CEO and founder, Bharat Bhise ("Mr. Bhise"), allegedly lives. See Br. 7-9. Thus, the defendants argue, there is no diversity jurisdiction in this case because all parties are citizens of New York.

In response, Bravia contends that the basis for jurisdiction is still diversity, but based on a new allegation that Bravia became dormant in 2018 and its citizenship should be based on its location at the time of its last transaction of business, in accordance with the Court of Appeals for the Second Circuit's decision in Pinnacle Consultants, Ltd. v. Leucadia National Corp., 101 F.3d 900, 907 (2d Cir. 1996). See Mem. of Law in Opp. to Mot. ("Opp.") 8-9, ECF No. 159. According to Bravia, its last transaction of business was a 2018 unsuccessful attempt to acquire Eng Kong Holdings PTE Limited ("Eng Kong"), a container depot located in Singapore. Id. at 4.

6

Bravia represents that its managing director, Yuanfang "Robin" Yan ("Mr. Yan"), was in charge of managing the Eng Kong transaction, and that Mr. Yan primarily did so from Hong Kong, as well as from Seoul and Singapore. See id. Bravia also represents that while it was still an active corporation, its CEO, Mr. Bhise, spent more than half of his time away from his home in New York on business travel and that he would contact Mr. Yan in Hong Kong to discuss the Eng Kong transaction. See id. According to Bravia, the Eng Kong transaction was never consummated, and Bravia began winding down operations in 2018. See id. at 5. Thus, according to Bravia, its last transaction of business took place in Hong Kong before it became an inactive corporation, and it is therefore a citizen of Hong Kong for purposes of diversity jurisdiction. Id. at 8-12.

In response to Bravia's contentions, the defendants point out that Bravia raised this theory of jurisdiction (and disclosed the existence of Mr. Yan) only after the defendants submitted evidence that Bravia had no Hong Kong office, see ECF Nos. 134, 136. Moreover, the defendants argue that Bravia engaged in substantial New York-based business transactions after 2019; thus, according to the defendants, even under Bravia's new theory, Bravia is a New York citizen. See ECF No. 167, at 8-9.

Clearly, there are substantial issues of fact bearing on the Court's subject-matter jurisdiction over this case,

including, but not limited to, (1) Bravia's principal place of business, (2) if, and when, Bravia became inactive and (3) if Bravia is inactive, where its last transaction of business occurred. These questions of fact are substantial enough to justify discovery and an evidentiary hearing as to whether there was fraud on the Court and whether diversity jurisdiction exists in this action. See WM Int'l v. 99 Ranch Market #601, 329 F.R.D. 491, 495 (E.D.N.Y. 2019) (noting that a court retains "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction").

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are moot or without merit. For the foregoing reasons, the defendants are permitted to take expedited discovery limited to the question of Bravia's citizenship at the time this action was filed. Such expedited discovery is to be completed within 60 days from the date of this Order. At the conclusion of the 60-day period, the Court will hold an evidentiary hearing to determine Bravia's citizenship at the time this action was filed. The defendants' motion to dismiss for lack of subject-matter jurisdiction and vacate judgment is **denied without prejudice** to renewal after the evidentiary hearing. All pending deadlines are **adjourned sine dine.**

8

The Clerk is respectfully requested to close ECF Nos. 148 and 169.[2]

**SO ORDERED.**
**Dated:**    **New York, New York**
             **April 22, 2026**

_____
**John G. Koeltl**
**United States District Judge**

_____
[2] Oral argument is unnecessary at this time. The defendants' request for oral argument (ECF No. 169) is therefore **denied.**

9