Massumi
+Consoli

413 N. Central Expressway
3rd Floor
Dallas, TX 75204
214.271.5174

www.mcllp.com

Lewis Zirogiannis
214.716.8136
lzirogiannis@mcllp.com

**VIA ECF**

October 8, 2026

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007

**RE:** ***Bravia Capital Hong Kong Limited v. SL Green Realty Corporation, et al.*, No. 1:24-cv-02296 (JGK) — Letter Motion to Stay Disposition of Defendants' Motion for Attorneys' Fees and Costs (ECF No. 246) Pending Appeal**

Dear Judge Koeltl:

We represent Plaintiff Bravia Capital Hong Kong Limited ("BCHK") in the above-referenced action.

Following the Court's September 7, 2026 Memorandum Opinion and Order (ECF No. 242) (the "Order") dismissing without prejudice BHCK's Complaint for lack of subject matter jurisdiction, Defendants chose to file an unsolicited Motion for Attorneys' Fees and Costs on September 16, 2026 (ECF No. 246) (the "Fee Motion"). We now write to respectfully ask the Court to stay disposition of the Fee Motion until the United States Court of Appeals for the Second Circuit decides BCHK's appeal from the Order, which was timely filed on October 6, 2026, or, in the alternative, to deny the Fee Motion without prejudice to renewal following the Second Circuit's mandate.

The Fee Motion seeks $1,996,054.50 in attorneys' fees and $96,603.54 in costs, jointly against BCHK, this firm and the firm's lead counsel individually. Although we believe the Fee Motion is meritless, [1] every dollar sought rests on the jurisdictional ruling now before the Second Circuit. If the Order is reversed, Defendants will not be prevailing parties and the Fee Motion falls with it. Under these circumstances, it would serve the interests of judicial economy and efficiency to defer resolution of the Fee Motion until the trial

[1] The sanctions sought under 28 U.S.C. § 1927 or the Court's inherent power require "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Gameologist Grp., LLC v. Sci. Games Int'l, Inc.*, No. 09 Civ. 6261 (JGK), 2012 WL 1446922, at *3 (S.D.N.Y. Apr. 26, 2012) (quoting *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). This Court has declined to find bad faith where claims could not be disposed of "without the benefit of substantial proceedings," noting that such proceedings "are not the hallmarks of a purely frivolous filing." *Id.* Courts in this District have likewise held that even "unjustified positions" do not establish "subjective bad faith." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622 (S.D.N.Y. 2016), aff'd, 683 F. App'x 33 (2d Cir. 2017). BCHK's position was resolved only after expedited discovery and a two-day evidentiary hearing, on a legal question the Court itself described as "unclear." ECF No. 242 ¶ 58 n.2.

court's need to resolve it is established. Rule 54(d), Second Circuit precedent, and the consistent practice of courts in this District all point to the same result—the Court should allow the appeal to run its course before expending resources on any award.

## I. The Court Has Clear Authority to Defer the Fee Motion Pending Appeal

The Court retains jurisdiction over the Fee Motion notwithstanding the appeal, because fee claims are collateral to the merits. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004). The question is therefore not whether the Court may act, but when it should. The Advisory Committee Notes to Federal Rule of Civil Procedure 54(d) answer that question directly: "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment. The Second Circuit has endorsed precisely the relief BCHK seeks here, holding that a district court's denial of a fee motion without prejudice to renewal after the appeal was "completely in accord" with those Notes. *Tancredi*, 378 F.3d at 225–26. The Notes further provide that where "the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment. Both conditions are present here.

Consistent with that guidance, "[c]ourts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits." *Apex Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 2017 WL 456466, at *12 (S.D.N.Y. Feb. 1, 2017). As the *Apex* court explained, deferral "ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails," and is "the most prudent course of action" because "immediate resolution of the . . . issue of . . . attorneys['] fees is unlikely to assist the Court of Appeals." *Id.* (citation omitted). In *Matsumura v. Benihana Nat'l Corp.*, 2014 WL 1553638, at *6 (S.D.N.Y. Apr. 17, 2014), the court likewise declined to require fee submissions while an appeal was pending, recognizing that such effort "would be misplaced," and denied the request without prejudice to renewal within 14 days of the appellate mandate. In *Toliver v. N.Y.C. Dep't of Corr.*, 202 F. Supp. 3d 328, 341 (S.D.N.Y. 2016), the court denied a fees-and-costs motion without prejudice to renewal after the appeal, noting that under Local Civil Rule 54.1(a), "[c]osts will not be taxed during the pendency of any appeal." That rule independently disposes of the $96,603.54 in costs Defendants seek now.

Deferral is especially warranted here because the Fee Motion presents substantial issues that are likely to be affected by the appellate decision and because of the unnecessary burden imposed on this court should it proceed before the appeal is decided. Deciding the Fee Motion would require this court to review more than two years of billing records and to make findings, supported by clear evidence and "a high degree of specificity," that the challenged conduct was both "without a colorable basis" and "motivated by improper purposes such as harassment or delay." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 282–83 (2d Cir. 2021) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999), and *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)). The court would then need to determine, fee

entry by fee entry, which expenses Defendants "would not have incurred but for" the alleged misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 (2017). The Second Circuit's decision will bear directly on each step: a reversal would eliminate the predicate for any award, and even an affirmance may clarify whether BCHK's jurisdictional position had a colorable legal basis. Undertaking that exacting, resource-intensive analysis now risks wasted effort and inconsistent results.

By contrast, Defendants will suffer no prejudice from a deferral. The Court retains jurisdiction over the Fee Motion throughout the appeal, *Tancredi*, 378 F.3d at 225, and if the Order is affirmed, Defendants may renew their motion on the existing record within whatever period the Court sets following the mandate, exactly as the movant did in *Tancredi*. *Id.* at 223–24. Deferral also will not affect the finality of the Order for purposes of appeal. *See Matsumura*, 2014 WL 1553638, at *6. The balance of efficiency and fairness thus weighs decisively in favor of deferral.

**II. Request for Relief**

For these reasons, BCHK respectfully requests that the Court: (1) defer briefing and adjudication of the Fee Motion (ECF No. 246) pending the Second Circuit's resolution of BCHK's appeal; or, in the alternative, (2) deny the Fee Motion without prejudice to renewal within a set period after entry of the Second Circuit's mandate on this Court's docket.

We thank the Court for its consideration.

Respectfully submitted,

lewis zirogiannis

/s/ Lewis Zirogiannis

MASSUMI + CONSOLI LLP
*Attorneys for Plaintiff Bravia Capital Hong Kong Limited*

cc: All counsel of record (via ECF)